## 38060. GEORGIA STATE BOARD OF PARDONS AND PAROLES et al. v. TURNER.

JORDAN, Chief Justice.

The Georgia State Board of Pardons and Paroles (the Board) appeals from an order entered in these mandamus proceedings requiring the Board to give Edward D. Turner a written explanation of its previous decision denying him parole including "those specific reasons why parole was denied so as to duly inform . . . [Turner] of the basis for the Board's action upon . . . [his] application for parole." We reverse.

The Board's rules provide that "The Board will inform inmates denied parole of the reasons for such denial without disclosing confidential sources of information or possibly discouraging diagnostic opinions." Rule 475-3-.05. The Board informed Turner that the reasons for denial of parole were the circumstances and nature of his offense. Thus, this is not a case where *no* reasons were given.

The order appealed was based upon Stassi v. Hogan, 395 FSupp. 141 (ND Ga. 1975), relating to federal law under which federal prisoners were classified as "special offenders." However, it now is clear that "A State cannot be required to explain its reasons for a [parole] decision when it is not required to act on prescribed grounds." Connecticut Board of Pardons v. Dumschat, —— U. S. —— (101 SC ——, 69 LE2d 158) (1981).

No prescribed grounds existed upon which the Board would have been required to have granted Turner parole. Hence, the due process clause of our federal constitution does not require the Board

to explain its reasons for denying him parole. Dumschat, supra.

*Judgment reversed. All the Justices concur, except Weltner, J., disqualified.*

DECIDED JANUARY 7, 1982.

*Michael J. Bowers, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellants.

Edward D. Turner, *pro se.*